## PRICE BAKING-POWDER CO. *v.* FYFE.

*(Circuit Court, D. Minnesota, Third Division.* April, 1891.)

TRADE-MARK—CREAM BAKING-POWDER.

> On motion for preliminary injunction, to restrain the use of the word "Cream" in connection with the words "Baking-Powder," it appeared that complainant, since 1866, had manufactured and sold an article which it designated as "Dr. Price's Cream Baking-Powder;" that the word "Cream" had not been used on packages of baking-powder before that time; and that it is not descriptive of an ingredient of the article, or of its quality or kind. *Held,* that the injunction would be granted.

In Equity. Motion for preliminary injunction.
*Davis, Kellogg & Severance,* for complainant.
*Lawler & Durment,* for defendant.

NELSON, J. A motion is made for a preliminary injunction to restrain the use of the word "Cream" in connection with the words "Baking-Powder," which is manufactured and put upon the market by the defendant, and, as is alleged, in packages having labels and wrappers similar in design to those upon the goods of complainant, and exact enough to deceive. The complainant is organized under the laws of the state of Illinois, and a citizen thereof, and uses in trade the word "Cream" in combination with the words "Dr. Price's" or "Price's Baking Powder," and the defendant, a citizen of Minnesota, affixes the word "Cream," in combination with the words "National Baking Powder," to the packages containing the article he manufactures and sells. It is conceded that the baking powder put up in cans, and designated as stated with the word "Cream," has been manufactured and sold since 1866 by the complainant or those from whom it derives ownership; and the defendant in his affidavit in opposition to this motion admits that he has been familiar with the article, and handled it, labeled "Dr. Price's Cream Baking-Powder," for more than 15 years. He urges, however, that the complainant has no property in and is not entitled to protection in the exclusive use of the word "Cream," in combination with the other words as a trade-mark. The chief and essential feature of the words used by complainant in trade is the word "Cream," and in the affidavit of defendant it does not appear that this word had been used on packages containing baking-powder before it was adopted by complainant or its grantors. This word then, by association, as early as 1866, pointed distinctively to the origin or ownership of the article to which it is applied. Since that time, upon the wrappers of cans containing this article, put up by others, and earlier than the defendant's manufacture, the words "Pure Cream-Tartar Baking-Powder" is printed. This is of no importance on this motion, although the phrase is a singular one. Tartar, when pure, is called "cream of tartar," and the phrase "pure cream-tartar" would appear to be tautological. The complainant is certainly entitled to protection in the use of this word, in connection with the baking-powder it manufactures, unless it is adopted and used as descrip-

tive of the article, its ingredients or characteristics. The word "Cream," in combination with the other words, "Dr. Price's," or "Price's Baking-Powder," designates an article which as thus named was unknown in the trade until adopted in 1866. It is not descriptive of an ingredient of the article, or of its quality or kind. The baking-powder is neither composed in part of cream, nor does that word convey the idea that it is the "best" or "choicest," as asserted by defendant. It is true the word "cream" is often used to designate the best part of a particular thing, but not the thing itself, as, for instance, the cream of a story; but only in that relation has the word any such signification. The complainant had a right to appropriate a word which had not been previously used, to identify his particular manufacture, and distinguish it from articles of the same general nature, manufactured and sold by others. When launched upon the market, it must be given a name by which it could be recognized. It was called "Cream Baking-Powder,"—a word appropriated by the manufacturer,—so that his article would thereafter be known, dealt in, and distinguished from others. "The first appropriator of a name or device * * * which, by being associated with articles of trade, has acquired an understood reference to the originator or manufacturer of the articles, is injured whenever another adopts the same name or device for similar articles, because such adoption is, in effect, representing falsely that the productions of the latter are those of the former." *Lawrence Manuf'g Co.* v. *Tennessee Manuf'g Co.*, 11 Sup. Ct. Rep. 400, (March 2, 1891.) It is admitted, or at least not denied, that this trade-mark was sustained in 1873 in the federal court of the northern district of Illinois. Although this decision was prior to that of the United States supreme court in the *Trade-Mark Cases*, (100 U. S. 82,) the court in Illinois could not have upheld the trade-mark, if the word "cream" was descriptive of the quality of the article. While this decision is not conclusive and binding on this court, it is persuasive and of great weight, and on a motion for a preliminary injunction, especially when it sustains the impression of the court on the hearing, is decisive. It is unnecessary to consider the other ground urged, that the form in which the article manufactured by the defendant is put upon the market, its wrappers and labels, and other devices are of a similitude, exact enough to warrant the relief asked. Motion granted, with leave to defendant to move to dissolve the injunction at the next June term of this court after the answer is filed.